
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KOHN LAW GROUP, INC., | No. 19-56083 |
| Petitioner-Appellant, | D.C. No. 2:19-cv-05775-VAP-E |
| and | |
| ROBERT E. KOHN, | MEMORANDUM* |
| Petitioner, | |
| v. | |
| BRUCE JACOBS; et al., | |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted October 5, 2020**
Pasadena, California

Before: KLEINFELD, HURWITZ, and BRESS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Kohn Law Group appeals the district court's order confirming an arbitration award. We have jurisdiction pursuant to 9 U.S.C. § 16 and 28 U.S.C. § 1291. We affirm.

A district court's confirmation of an arbitration award is reviewed de novo. *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 661 (9th Cir. 2012) (citing *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009)). This Court's review, however, is both limited and highly deferential. *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019). Arbitration awards must be confirmed unless they are "vacated, modified, or corrected as prescribed in sections 10 and 11 [of the Federal Arbitration Act (FAA)]." 9 U.S.C. § 9. Neither erroneous legal conclusions nor unsubstantiated factual findings by an arbitrator justify overturning an arbitral award under the FAA. *Biller*, 668 F.3d at 662 (citing *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009)).

Kohn Law Group argues that the arbitration award should be vacated in part under FAA Section 10(a)(4) because the arbitrator exceeded her powers by disregarding a contract provision. On the contrary, the arbitrator considered the contract provision mentioned by Kohn Law Group, she merely interpreted it differently than Kohn Law Group preferred. "We will not vacate an award simply

2

because we might have interpreted the contract differently." *Bosack*, 586 F.3d at 1106.

Alternatively, Kohn Law Group argues its award should be modified pursuant to FAA Section 11(a). The record, however, indicates that there was no material miscalculation of figures, merely a typographical error within the body of the arbitrator's analysis. Therefore, modification of the arbitration award is not warranted.

Kohn Law Group also argues for vacatur based on the arbitrator's alleged manifest disregard for California law. To prove manifest disregard, the party challenging the arbitration award must show that the arbitrator understood and correctly stated the law, but proceeded to disregard it. *Bosack*, 586 F.3d at 1104. Here, the arbitrator extensively analyzed the issue raised by Kohn Law Group and thoughtfully applied the law to the facts. Thus, Kohn Law Group has failed to show manifest disregard.

Finally, Kohn Law Group argues the award should be vacated due to a failure to award it pre-judgment interest. Section 10(a)(4) of the FAA allows vacating an award when a "definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. Here, Kohn Law Group did receive a definite award, it just did not receive interest. While this may not be the result Kohn Law Group

3

preferred, an arbitrator is allowed to make an award without explaining her reasons. *Bosack*, 586 F.3d at 1104. And in this case, the arbitrator specifically noted that the parties had made many arguments that the arbitrator did not formally address in the award, but that in reaching her decision the arbitrator had carefully considered and weighed each of the points addressed and developed.

**AFFIRMED.**